129 N.J. Super. 13 (1974)
322 A.2d 177
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD HUNTLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 29, 1974.
Decided June 10, 1974.
*15 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Steven Zamrin, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. David S. Baime, Deputy Attorney General, of counsel).
The opinion of the court was delivered by HALPERN, P.J.A.D.
This appeal poses the problem of whether the trial judge abused his discretion in not permitting defendant, prior to imposition of sentence, to withdraw his guilty pleas which were made pursuant to a plea bargain.
Defendant had been indicted for robbery (N.J.S.A. 2A:141-1) and was confined to the Camden County Jail awaiting trial. While in jail he was indicted for committing sodomy (N.J.S.A. 2A:143-1) with a fellow inmate. On May 8, 1973 he retracted his not guilty pleas to the robbery and sodomy charges and, pursuant to a plea bargain submitted for approval to the trial judge, pled guilty to both charges. At the same time he also pled guilty to an accusation *16 charging him with malicious destruction of property during a disturbance at the jail.
On June 19, 1973 defendant moved to withdraw the guilty pleas asserting that (a) he had mistakenly pled guilty, (b) he was innocent of the crimes charged, (c) he pled guilty because he was tired of being confined to jail, (d) he was improperly coerced by the leniency of the plea bargain to enter the guilty pleas, and (e) no factual basis was established for the guilty plea to the property damage accusation. The trial court placed no credence in these assertions and denied the motion.
The motion to withdraw the guilty pleas was renewed on the date of sentencing. An additional ground was then asserted that the alleged victim of the sodomy had certified in writing that defendant had not committed sodomy with him. This certification was in direct conflict with a previous version of the incident given by the victim. The trial judge found the certification to be unworthy of belief and denied the motion. He sentenced defendant on the robbery and sodomy charges, in accordance with the plea bargain, to concurrent 4-6 year terms in State Prison. Defendant's motion to withdraw the guilty plea to the property damage accusation was granted, and the accusation was dismissed. This appeal followed.
We are committed to the principle that a guilty plea voluntarily entered may not be withdrawn except pursuant to leave granted in the exercise of the trial judge's discretion.
* * * However, where before sentence the defendant asserts his innocence and seeks to withdraw his plea and proceed to trial, the courts in our State, in practice, generally exercise their discretion liberally to enable withdrawal of the plea and a trial on the merits; * * *. [State v. Deutsch, 34 N.J. 190, 198 (1961)]
We should note that in Deutsch a plea bargain was not involved, and the matter was remanded to the trial judge to *17 supplement the inadequate record which prevented the Supreme Court from determining whether the trial judge abused his discretion in denying the motion to withdraw the guilty plea. Thus, it is clear that the burden rests on defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits, so the trial judge is able to determine whether fundamental fairness requires a granting of the motion. Any other approach would automatically require a trial judge to grant such motions, and strip him of any discretion in the matter. Liberality in exercising discretion does not mean an abdication of all discretion.
The record is abundantly clear that when defendant's guilty pleas were entered the trial judge carefully and fully complied with the mandates of R. 3:9-2. After defense counsel had assured the trial judge that defendant's guilty pleas were made voluntarily and knowingly after full consultation with him, the trial judge personally inquired of defendant as to the voluntariness of his execution of Form 13A. When questioned by the trial judge, defendant related in full and vivid terms how and why the robbery in question had been committed. Defendant readily admitted his act of sodomy as described to him by the trial judge.[1] The trial judge advised defendant of his right to a jury trial; his right to the benefit of the presumption of innocence; his right to counsel; and informed him that the robbery charge authorized a maximum penalty of 15 years, and the sodomy charge a 20 year maximum. The trial judge then explained the proposed plea bargain between defense counsel and the prosecutor. He made it clear to defendant that concurrent 4-6-year terms in State Prison were being recommended for the charges of robbery and sodomy. After the trial judge was *18 satisfied that the pleas were voluntarily and knowingly made, he permitted them to be entered.
We have canvassed the entire record and agree with the trial judge that the guilty pleas were voluntarily and knowingly entered, and that the trial judge did not abuse his discretion in refusing to permit withdrawal of the pleas. State v. Pometti, 12 N.J. 446, 451-453 (1953). Defendant's bare assertions that he mistakenly entered his guilty pleas, and that he was improperly coerced to do so are unsupported in the record. His late protestations of innocence, and the victim's certification of defendant's innocence on the sodomy charge were found to be unworthy of belief, and were properly rejected by the trial judge. State v. Baldwin, 47 N.J. 379, 400 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966). The figure of justice is blindfolded but it is not blind to those who seek to make a mockery and playtool of justice.
We deem it important to indicate that we are in complete accord with the philosophy expressed in Deutsch with respect to the liberality to be exercised in considering applications to withdraw guilty pleas when made before imposition of sentence. However, when a voluntary and knowing plea bargain has been entered into simultaneously with the guilty plea, defendant's burden of presenting a plausible basis for his request to withdraw his guilty plea is heavier. The approved philosophy of "plea bargaining" is dependent upon the good faith of both sides in carrying out the bargain when it is voluntaritly and knowingly made, is fair and just and is ultimately approved by the trial judge. A whimsical change of mind by defendant, or the prosecutor, will not be a valid reason for altering the bargain. State v. Thomas, 61 N.J. 314, 321-323 (1972); State v. Wall, 36 N.J. 216, 218 (1961). Even a belated assertion of innocence will not upset an otherwise validly entered into plea bargain. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); United States v. De Cavalcante, *19 449 F.2d 139 (3 Cir.1971), cert. den. 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972).
In summary, this record clearly indicates the pleas of guilty were the product of a free and rational choice made with the advice of competent counsel, and that no valid basis has been shown to warrant their retraction.
Affirmed.
NOTES
[1] Defendant denied participation in the destruction of prison property. As previously indicated, this accusation was subsequently dismissed.