179 N.J. Super. 129 (1981)
430 A.2d 957
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VICTOR RODRIGUEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 28, 1981.
Decided May 20, 1981.
*131 Before Judges MATTHEWS, MORTON I. GREENBERG and COLEMAN.
Tomar, Kamensky & Smith for appellant.
James R. Zazzali, Attorney General of New Jersey, for respondent (John J. Degnan, former Attorney General of New Jersey, and James T. O'Halloran, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
*132 This appeal raises two issues: (1) whether N.J.S.A. 2C:44-1(e), which establishes a presumption of nonimprisonment for first-time offenders convicted of an offense other than a crime of the first or second degree, applies to a first-time offender who pleads guilty to a crime of the second degree but is sentenced pursuant to N.J.S.A. 2C:44-1(f)(2) as if he committed a crime of the third degree; and (2) if not, whether defense counsel's erroneous advice that defendant, if sentenced pursuant to N.J.S.A. 2C:44-1(f)(2), would most likely receive a noncustodial sentence, vitiates an otherwise valid guilty plea.
In November 1979 defendant was charged in Mercer County with one count of aggravated sexual assault, in violation of N.J.S.A. 2C:14-2(a)(5), and one count of sexual assault, in violation of N.J.S.A. 2C:14-2(c)(5).
On March 3, 1980 defendant appeared before a Law Division judge for the purpose of entering a retraxit plea of guilty to the sexual assault charge pursuant to a plea agreement under which the State agreed to dismiss the charge of aggravated sexual assault and to make no recommendation as to sentence, other than an agreement not to take an appeal if defendant were sentenced for a third degree crime pursuant to N.J.S.A. 2C:44-1(f)(2). At the time the plea was entered, the judge questioned defendant regarding his understanding of the penal consequences of the plea:
THE COURT: And do you also understand that by pleading guilty, you are enabling the Court to sentence you up to the maximum prescribed by law? The maximum would be ten years and/or a $100,000 fine or both.
THE DEFENDANT: I understand.
THE COURT: Has any specific promise been made to you as to what the sentence might be?
THE DEFENDANT: Not really.
THE COURT: And the prosecutor has indicated that if I felt it could be reduced from a second degree crime to a third degree crime  in other words, from a ten-year sentence to a five-year sentence, that they would not appeal that decision; is that your understanding?
THE DEFENDANT: Yes.
*133 Defendant, then age 28, admitted at the time of the plea to having intercourse with the victim, age 13, but asserted that she had asked him to have intercourse with her; defendant also stated that he did not know her age but that she appeared to him to be at least 16 years old.
Defendant was sentenced on June 5, 1980. The sentencing judge noted that sexual assault in violation of N.J.S.A. 2C:14-2(c)(5) is a crime of the second degree. Under the authority of N.J.S.A. 2C:44-1(f)(2), however, he imposed a sentence appropriate to a crime of the third degree: a term of four years, as provided by N.J.S.A. 2C:44-1(f)(1). He imposed the sentence:
... basically for punishment purposes. I do not find sufficient mitigating circumstances for me to impose a lesser sentence. This was a crime involving a 13 year old child. And under those circumstances, the court feels that the sentence is necessary.
Neither defendant nor his counsel objected to the sentence imposed or sought to withdraw the plea.

I
Defendant entered a plea of guilty to sexual assault, in violation of N.J.S.A. 2C:14-2(c)(5). That statute defines sexual assault as "an act of sexual penetration with another person [where] ... [t]he victim is at least 13 but less than 16 years old and the actor is at least 4 years older than the victim." Sexual assault is a crime of the second degree. N.J.S.A. 2C:14-2(c). The judge sentenced defendant under N.J.S.A. 2C:44-1(f)(2), which states:

In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted. If the court does impose sentence pursuant to this paragraph, or if the court imposes a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution. [Emphasis supplied]
N.J.S.A. 2C:44-1(f)(1) requires that:
... [w]hen a court determines that a sentence of imprisonment be imposed, it shall, except for murder or kidnapping, sentence the defendant to a term of 15 *134 years for a crime of the first degree, to a term of 7 years for a crime of the second degree, to a term of 4 years for a crime of the third degree and to a term of 9 months for a crime of the fourth degree unless the preponderance of aggravating factors or preponderance of mitigating factors, as set forth in subsections a. and b., weighs in favor of higher or lower terms within the limits provided in 2C:43-6.
Defendant contends that the sentencing judge erred in imposing the presumptive four-year term of imprisonment for a crime of the third degree. Defendant argues that, as a first-time offender "sentenced as if he had been found guilty of a third degree offense," he is entitled to the benefit of N.J.S.A. 2C:44-1(e), which provides:
The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection a. [Emphasis supplied]
We disagree. Although both subsection (e) and subsection (f)(2) of N.J.S.A. 2C:44-1 allow the judge to balance mitigating and aggravating factors and to impose a lesser punishment than the offender would otherwise receive, subsection (f)(2) applies to persons convicted of a first or second degree offense, whereas subsection (e) applies to persons convicted of an offense other than a crime of the first or second degree. Thus, subsection (f)(2) and subsection (e) serve substantially the same purpose but in regard to different classes of offenders.
Defendant here entered a guilty plea to a crime of the second degree. The sentencing judge apparently was convinced that the mitigating factors substantially outweighed the aggravating factors, and thus sentenced defendant to a term appropriate to a crime of one degree lower than the crime for which defendant was convicted: N.J.S.A. 2C:44-1(f)(2). Since defendant was not convicted of a third degree offense, the judge did not err in refusing to apply N.J.S.A. 2C:44-1(e). Had he done so, defendant would have received a double benefit: the balance of the aggravating and mitigating circumstances surrounding *135 the crime would have been applied twice, once to reduce sentence from a term appropriate to the second degree crime to which defendant pleaded guilty, and then again to permit sentence as if defendant had in fact been convicted of a third degree crime. We conclude that such a result was not intended by the Legislature, as is obvious from the plain language of N.J.S.A. 2C:44-1(e) and (f)(2).

II
Defendant argues, alternatively, that his plea of guilty was not made voluntarily or with understanding of the consequences because defense counsel erroneously informed him "that there was a strong likelihood he would in fact ... be sentenced as a third degree offender and if so there was a presumption that he would not receive a custodial sentence." Defendant therefore requests that he be permitted to withdraw his plea of guilty and proceed to trial.
A guilty or non vult plea may not be entered unless the judge entertaining the plea first satisfies himself that there is a factual basis for the plea and that the plea is made voluntarily and intelligently with an "understanding of the nature of the charge and the consequences of the plea." R. 3:9-2. See, also, State v. Taylor, 80 N.J. 353, 362 (1979). After the defendant enters his plea, however, "his claim to be relieved of its consequences must be weighed against the strong interests of the State in its finality." Id. at 362. A motion to withdraw a plea of guilty or non vult made after sentencing is granted only to correct a "manifest injustice." R. 3:21-1. The touchstone is basic fairness to the defendant: it is crucial "that the plea bargain has been fairly reached and that defendant's reasonable expectations drawn from the terms of the bargain have been fulfilled." Id. at 364.
Several factors are pertinent to a determination of whether a defendant should be permitted to withdraw a plea of guilty: materiality of the mistake or omission and resulting *136 prejudice to defendant, guilt of defendant and manner of entry of the plea. See State v. Taylor, above, 80 N.J. at 363-364; State v. Deutsch, 34 N.J. 190, 201 (1961). Where the plea was entered pursuant to a plea arrangement, defendant's burden "of presenting a plausible basis for his request to withdraw his guilty plea is heavier." State v. Huntley, 129 N.J. Super. 13, 18 (App.Div. 1974), certif. den. 66 N.J. 312 (1974). Also persuasive is whether a defendant who attacks his sentence subsequent to a plea arrangement protested at the time of sentencing that the sentence violated his expectations. State v. Jackson, 138 N.J. Super. 431, 434 (App.Div. 1976).
Nothing in this case suggests that defense counsel's inaccurate assurance regarding the possible sentence to be imposed resulted in a manifest injustice to defendant. Defendant received a substantial benefit from the plea arrangement as he did not have to stand trial for the more serious charge of aggravated sexual assault, a first degree offense for which he could have received 10 to 20 years of convicted. N.J.S.A. 2C:43-6(a)(2). Defendant told the trial judge that he understood that by pleading guilty to the lesser charge of sexual assault he could be sentenced to a maximum of ten years and fined up to $100,000, and in fact he received a lesser sentence of four years. The misunderstanding regarding the possibility of a noncustodial sentence was not the result of any assurance or understanding given by the prosecutor or the trial judge; moreover, defendant's expectation of a noncustodial sentence was unreasonable in light of the seriousness of the crime charged. The State complied with all terms of the plea arrangement, and neither defendant nor defense counsel protested at the time of sentencing that the sentence violated defendant's expectations. Finally, defendant has admitted his guilt and does not appear to have a meritorious defense. Compare Masciola v. United States, 469 F.2d 1057 (3 Cir.1972).
Affirmed.