191 N.J. Super. 352 (1983)
466 A.2d 981
STATE OF NEW JERSEY, PLAINTIFF,
v.
MARY ANN RIGGINS, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided July 25, 1983.
*353 Richard F. Denes, Assistant Prosecutor, for plaintiff (Harold J. Ruvoldt, Jr., Prosecutor of Hudson County, attorney).
Alexander W. Booth, Jr., for defendant (Brownstein, Gold, Booth & Barry, attorneys).
BILDER, J.S.C.
This is a motion to vacate sentence and retract a guilty plea on the ground that defendant did not understand that loss of *354 her public employment would be one of the consequences of her plea. Indeed, defendant asserts she was advised by her then attorney that no such forfeiture would result. The State contends that the forfeiture of position is a collateral consequence and therefore does not justify vacation of the plea and sentence.
Although it has been held that a lack of understanding as to the collateral consequences of deportation do not justify the withdrawal of a plea, State v. Reid, 148 N.J. Super. 263, 266 (App.Div. 1977), certif. den. 75 N.J. 520 (1977), the questions as to forfeiture of public office and as to the effect of wrong advice from counsel concerning forfeiture are novel.
On March 25, 1983 defendant pled guilty to unemployment fraud  freely acknowledging that during a period of about six months in 1979 and 1980 she applied for and obtained unemployment checks, although she was employed by the Jersey City Medical Center. In giving a factual basis for her plea, she explained that she was able to defraud the State by asserting her status as a terminated employee of CETA while failing to disclose her new employment  a deception that resulted in the receipt of moneys to which she knew she was not entitled. As part of the plea bargain, the State agreed to recommend a noncustodial sentence with a condition that restitution be made.
At the time of the plea, defendant was employed by the Hudson County Board of Freeholders as a secretary. Following a sentence of one year probation, restitution, a $250 fine and $25 to the Violent Crimes Compensation Board, the Hudson County Prosecutor filed a notice of motion to require defendant to forfeit her public office as provided by N.J.S.A. 2C:51-2. Defendant has now brought this motion to vacate the sentence and withdraw her plea on the ground she did not know the plea would result in such forfeiture. She further asserts that the question of forfeiture had been discussed with her then attorney who advised her there would not be such forfeiture. It is undenied that the question of forfeiture was not discussed in the *355 questioning or colloquy when the plea was taken. Nowhere in her papers or argument does defendant deny her guilt.
Before accepting a plea, a judge must be satisfied that there is a factual basis for the plea and that the plea is made voluntarily and intelligently with an "understanding of the nature of the charge and the consequences of the plea." R. 3:9-2. See State v. Taylor, 80 N.J. 353, 362 (1979). After a plea has been accepted, a defendant's "claim to be relieved of its consequences must be weighed against the strong interests of the State in its finality." Ibid. After a defendant has been sentenced, a more stringent standard applies. Id. at 360. A motion to withdraw a plea of guilty after sentencing is granted only to correct a manifest injustice. R. 3:21-1.
In State v. Rodriguez, 179 N.J. Super. 129 (App.Div. 1981), the court set forth the factors relevant to a determination of whether a defendant should be permitted to withdraw a guilty plea after sentence:
... materiality of the mistake or omission and resulting prejudice to defendant, guilt of defendant and manner of entry of the plea. See State v. Taylor, above, 80 N.J. at 363-364; State v. Deutsch, 34 N.J. 190, 201 (1961). Where the plea was entered pursuant to a plea arrangement, defendant's burden "of presenting a plausible basis for his request to withdraw his guilty plea is heavier." State v. Huntley, 129 N.J. Super. 13, 18 (App.Div. 1974), certif. den. 66 N.J. 312 (1974). Also persuasive is whether a defendant who attacks his sentence subsequent to a plea arrangement protested at the time of sentencing that the sentence violated his expectations. State v. Jackson, 138 N.J. Super. 431, 434 (App.Div. 1976). [179 N.J. Super. at 135-136]
In balancing these considerations "the touchstone is basic fairness to the defendant." State v. Taylor, supra, 80 N.J. at 364.
To be material a mistake must relate to the penal consequences of a plea. A mistake as to a collateral consequence, while it may have a significant effect upon a defendant, is not material. See State v. Reid, 148 N.J. Super. 263, 266 (App.Div. 1977), certif. den. 75 N.J. 520 (1977) in which the court reversed the action of the trial court in permitting a withdrawal of a plea when the defendant misunderstood that his plea would make him subject to deportation.

*356 Defendant freely and openly admitted his guilt at the time of the entry of his plea in 1974. At the hearing on his petition for post-conviction relief defendant did not deny his guilt. The only reason advanced to justify vacation of the plea was defendant's lack of an understanding of the collateral consequences insofar as his immigration status was concerned. Such a reason is not adequate since it does not relate to the penal consequences of the plea. [148 N.J. Super. at 266]
Similar results have been reached in other jurisdictions when courts have refused to permit withdrawal based on a lack of understanding concerning adverse consequences of important collateral legal significance. Waddy v. Davis, 445 F.2d 1 (5th Cir.1971) (disenfranchisement); Wright v. United States, 624 F.2d 557, 561 (5th Cir.1980) (enhanced punishment of subsequent conviction); Moore v. Hinton, 513 F.2d 781 (5th Cir.1975) (suspension of auto license); Redwine v. Zuckert, 115 U.S.App.D.C. 130, 317 F.2d 336 (1963) (possibility of dishonorable discharge). See Fruchtman v. Kenton, 531 F.2d 946 (9th Cir.1976).
In United States v. Crowley, 529 F.2d 1066 (3d Cir.1976) cert. den. 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976), the court considered substantially the same question as here. A defendant sought to withdraw his plea on the ground that he did not understand he would lose his job as a city fireman. In affirming a denial of leave to withdraw the guilty plea, the court held that the job forfeiture was a collateral consequence that did not allow the privilege of plea withdrawal.
Here also, defendant's loss of employment is a collateral consequence and her lack of understanding as to this adverse effect does not justify withdrawal of the plea. That it is collateral in nature is underscored by its inclusion with loss of voting rights and the right to serve on juries in the chapter of Title 2C dealing with loss of rights incident to a conviction. N.J.S.A. 2C:51-2, 3. Indeed, the provisions for job forfeiture apply not only to convictions under the laws of this state but also under the laws of another state or the United States. N.J.S.A. 2C:51-2(a)(1). Such a provision for forfeiture based upon a foreign conviction necessarily negates any question about the non-penal nature of this consequence.
*357 If a lack of understanding as to job forfeiture does not, of itself, furnish justification for a withdrawal of the plea, ought the erroneous advice of counsel in this regard form a basis for a withdrawal?
It has generally been held that erroneous advice of counsel does not, by itself, lead to manifest injustice and that this is particularly true when the advice relates to collateral consequences. See U.S. v. Degand, 614 F.2d 176, 178 (8th Cir.1980). This has been the rule in New Jersey. State v. Rodriguez, supra. Cf. State v. Nichols, 71 N.J. 358 (1976), in which the court, prosecutor and defendant's own attorney misinformed him about the potential penal exposure. Whether erroneous advice justifies a withdrawal in any particular case depends upon the particular facts and requires a balancing of the considerations referred to in State v. Taylor, supra, 80 N.J. at 363-364 and State v. Rodriguez, supra, 179 N.J. Super. at 135-136.
In the instant case defendant does not contest her guilt, nor does she allege any defect in the manner the plea was taken or the propriety of the sentence. She merely says she was misled by her then attorney into believing the plea would not affect her county employment and, presumably, would have opted for a trial had she been correctly informed. Defendant fully understood the penal consequences of the offense to which she pled guilty and received the benefit of the negotiated plea. A withdrawal of the plea and a subsequent trial would not alter the ultimate result  forfeiture. In Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964) Chief Justice Burger (then a judge of the Circuit Court of Appeals) said:
Far from showing a "fair and just" reason for a change of plea to Count 4, appellant demonstrated by his repeated statements that he had no reason other than wanting a trial on a charge of which he admitted his guilt. * * * [A]ppellant offered no defense to the charge nor did he allege involuntariness or any other factor which would militate against the correctness and truth of his guilty plea to Count 4 which was entered when he was represented by retained counsel.
....

*358 We are not disposed to encourage accused persons to "play games" with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial, whose cases may lose both their position on the calendar and the Court's time and facilities which are thus diverted for no useful purpose. [336 F.2d at 982-984]
A court cannot inquire into every conceivable collateral consequence of a plea  nor insure that a defendant understands all of the non-penal incidents of a conviction. See United States v. Crowley, supra, 529 F.2d at 1072. The rule that holds collateral consequences to be non-material recognizes the need for finality. Where, as here, there is no claim of innocence nor any claim of coercion or of prosecutorial or judicial misconduct, there should be an end to the matter.
Defendant's motion to withdraw the guilty plea and vacate the sentence is denied.