253 N.J. Super. 335 (1991)
601 A.2d 784
STATE OF NEW JERSEY
v.
DERRICK SAMUELS, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided October 30, 1991.
*338 Francis P. Meehan, Assistant Public Defender, appearing for defendant (Wilfredo Caraballo, Public Defender of New Jersey, attorney).
Carole F. Fitzgibbon, Assistant Prosecutor, appearing for the State (Herbert H. Tate Jr., Essex County Prosecutor, attorney).
FUENTES, J.S.C.
This is defendant, Derrick Samuels', motion to withdraw a guilty plea. Shortly after Samuels entered his plea but before sentencing, additional charges were filed against him. Defendant argues that he thought his guilty plea would dispose of all pending charges. He claims that the State's failure to include those charges in its plea offer justifies withdrawal of his plea. He further argues that if his plea is not withdrawn it would result in a criminal conviction that would prejudice his right to testify at a trial of the pending charges.
Absent prosecutorial misconduct, I find that where a guilty plea is knowingly and voluntarily entered, the State's failure to include all pending charges against a defendant in its plea offer is not, by itself, a sufficient basis to warrant withdrawal of the plea. Additionally, the fact that a criminal conviction may prejudice a defendant's right to testify at a future trial is a collateral consequence of the plea which does not justify withdrawal.
The facts may be summarized as follows. On May 1, 1991 a warrant was issued for Derrick Samuels' arrest as a result of a shooting incident that occurred earlier that day. Pursuant to the warrant, police arrested defendant on May 3, 1991. In the course of a search incident to the arrest, police found a 9mm handgun in his vehicle. Thus, apart from the May 1st incident, Samuels was separately charged with the unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5.
*339 Complaints relating to the May 1st shooting were not formally signed by the alleged victims until May 10th. In those complaints, Samuels was charged with two counts of second degree aggravated assault, in violation of N.J.S.A. 2C:12-1b; two counts of third degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5, and two counts of second degree possession of a weapon for unlawful purpose, in violation of N.J.S.A. 2C:39-4.
On May 22, 1991, Samuels pled guilty to possession of the handgun found in his car during his arrest. At the plea hearing defendant freely admitted that he put a handgun under the front seat of the car where it was found by police. The State agreed to recommend that any custodial sentence imposed not exceed 180 days as a condition of probation. Sentencing was originally scheduled for July 5, 1991. On that date, the charges concerning the May 1st shooting incident appeared in defendant's presentence report. Defense counsel requested an adjournment to discuss the pending charges with the prosecutor. The discussions were not productive. On the return date for sentencing defendant moved to withdraw his plea.
Samuels' primary argument is that he was under the impression all charges against him were being disposed of as a result of his plea. He claims that he would not have pled guilty had he known of the pending charges. He also says that at the time of the plea, he had no criminal record and if his plea is not withdrawn he will have an indictable conviction. This conviction, he asserts, will weaken his bargaining position as to the pending charges. Moreover, should he decide to go to trial on the pending charges, this conviction will impair his right to testify because it could be used to impeach his credibility. See N.J.S.A. 2A:81-12; State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978); State v. Morris, 242 N.J. Super. 532, 543, 577 A.2d 852 (App.Div. 1990). Furthermore, should he be convicted of the pending charges he will face enhanced sentencing because of his record. The State's opposition to the motion is based on the assertion that defendant knew his plea related to the May 3rd *340 handgun possession in his car and had nothing to do with the May 1st alleged shooting.
Rule 3:9-2 governs the entry of a plea of guilty. A guilty plea shall not be accepted unless the court determines that there is a factual basis for the plea. In addition, the plea must be made knowingly, voluntarily and intelligently with a full understanding of the nature of the charge and the consequences of the plea. Once the court is satisfied that the defendant has entered into a knowing and voluntary plea agreement, the terms and conditions of the plea must be meticulously carried out. State v. Jones, 66 N.J. 524, 526, 333 A.2d 529 (1975); State v. Marzolf, 79 N.J. 167, 183, 398 A.2d 849 (1979). A defendant's request to be relieved of its consequences has to be "weighed against the strong interest of the State in its finality." State v. Taylor, 80 N.J. 353, 362, 403 A.2d 889 (1979).
A motion to withdraw a plea should not be viewed with a set attitude of skepticism. Id. at 365, 403 A.2d 889. The defendant is entitled to fairness and protection of basic due process rights. Id. at 393, 403 A.2d 889. However, a defendant has no absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir.1991); United States v. Badger, 925 F.2d 101 (5th Cir.1991). Moreover, "a defendant attacking a guilty plea has little to lose and his contentions should be assessed with great care and realism." Id. 80 N.J. at 365, 403 A.2d 889. The defendant will not be allowed to withdraw the plea on a "whimsical change of mind by defendant or the prosecutor." State v. Huntley, 129 N.J. Super. 13, 18, 322 A.2d 177 (App.Div. 1974), cert. denied, 66 N.J. 312, 331 A.2d 12. Nor will a "belated assertion of innocence upset an otherwise validly entered into plea bargain." Id. 129 N.J. Super. at 18, 322 A.2d 177. See also North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Further, defendant's failure to "correctly assess every relevant factor entering into his decision will not automatically *341 render his plea involuntary or unintelligent." State v. Taylor, supra, 80 N.J. at 364, 403 A.2d 889 (quoting Brady v. United States, 397 U.S. 742, 756, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970)). As noted in Taylor, "plea bargains are frequently made with some uncertainty." Id.
It is well settled that at the time of the plea a defendant need only be informed of the penal consequences of his plea, not the collateral consequences. State v. Heitzman, 209 N.J. Super. 617, 622, 508 A.2d 1161 (App.Div. 1986), aff'd o.b., 107 N.J. 603, 527 A.2d 439 (1987); State v. Kiett, 121 N.J. 483, 488, 582 A.2d 630 (1990); State v. Howard, 110 N.J. 113, 122, 539 A.2d 1203 (1988). A guilty plea will not be set aside because the defendant did not understand the collateral consequences of pleading guilty such as having to make restitution, being deported, loss of public or private employment, auto license suspension, possible dishonorable discharge from the military or loss of voting rights. State v. Heitzman, supra, 107 N.J. at 622, 527 A.2d 439. See also United States v. Cariola, 323 F.2d 180, 186 (3rd Cir.1963).
After sentencing the motion to withdraw is granted only where necessary to "correct a manifest injustice." R. 3:21-1; See also State v. Riggins, 191 N.J. Super. 352, 355, 466 A.2d 981 (Law Div. 1983). However, prior to sentencing, the Court may vacate the plea or permit a plea withdrawal where "the interest of justice would not be served by effectuating the agreement." R. 3:9-3(e). Consequently, a less stringent standard is applied to withdraw a plea before sentencing. State v. Howard, 110 N.J. 113, 123, 539 A.2d 1203 (1988); State v. Taylor, supra, 80 N.J. at 360, 403 A.2d 889. In State v. Smullen, the New Jersey Supreme Court had occasion to comment on the less stringent standard applied in motions to withdraw motion prior to sentencing.
Obviously, absent unfair prejudice to the State or unfair advantage to the accused, the arguments against permitting withdrawal of a plea prior to sentencing weaken considerably and the test of what constitutes a fair and *342 just reason should be commensurately less demanding. 118 N.J. 408, 417, 571 A.2d 1305 (1990). (Emphasis added)
The "fair and just" standard mentioned in State v. Smullen, supra, is the same standard recommended by the American Bar Association. See 2 ABA Standards for Criminal Justice, Standard 14-2.1(a) (1980). It is identical to the Federal Rule and it is the equivalent of our Rule 3:9-3 "interest of justice" standard. See Fed.R.Crim.P. 32(d). Generally, where a defendant seeks to withdraw a plea prior to sentence, the "fair and just" standard is applied liberally. State v. Deutsch, 34 N.J. 190, 198, 168 A.2d 12 (1961); State v. Smullen, supra, 118 N.J. at 416, 571 A.2d 1305; United State v. DeCavalcante, 449 F.2d 139 (3rd Cir.1971).
The Federal Courts have noted a variety of factors to be considered in determining whether a defendant should be permitted to withdraw a plea prior to sentencing. In United States v. Carr, the court listed seven factors: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether adequate assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. 740 F.2d 339, 343-44 (5th Cir.1984), cert. denied, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). See also United States v. Moore, supra, 931 F.2d at 248; United States v. Badger, supra, 925 F.2d at 104; United States v. Hurtado, 846 F.2d 995, 997 (5th Cir.), cert. denied, 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988). An additional factor a court may consider is the circumstance where a defendant asserts a defense that previously had been thought to be unavailable. See 2 ABA Standards for Criminal Justice, supra. The Court is not required to make a specific finding as to any of the factors. No one factor or combination of factors requires a particular result. Instead, the court should rule on the motion based on *343 the "totality of circumstances." United States v. Badger, supra, 925 F.2d at 104.
First, in this case, the defendant had an opportunity to review discovery and discuss his case with counsel prior to his plea. During the plea hearing, Samuels said he was satisfied with his lawyer's advice and that no other promises were made to him other than the State's recommendation as to the sentence. After being sworn in, Samuels freely and openly admitted his guilt. Additionally, he signed a written plea form which made it clear that the plea was being accepted solely to the May 3rd offense and no other charges were to be dismissed. Defendant was not misled, misinformed or deceived in anyway. Nor did he have a mistaken impression as to the sentence he faced. See State v. Taylor, supra., 80 N.J. at 365, 403 A.2d 889; United States v. Crusco, 536 F.2d 21, 24 (3rd Cir.1976).
I further note that defendant's initial request to withdraw his guilty plea came on the first day of sentencing, six weeks after the plea. Samuels does not now assert his innocence nor does he claim any defect as to the manner in which the plea was taken. He does not claim any defense that was unknown at the time of the plea. Rather, defendant claims that if he had known the charges relating to the May 1st shooting incident were not being disposed of by his plea, he would not have pled guilty. In fact, at the time of the plea, it was or should have been apparent to both defendant and prosecutor that other charges were pending against defendant. Indeed, Samuels was arrested on a warrant for those other charges when the gun was found in his car. Clearly the May 1st and the May 3rd offenses were separate and distinct. However, failure to include all pending charges in a plea offer will not, by itself, justify withdrawal. Nothing in the record suggests that the prosecutor purposefully sought a plea to the May 3rd offense while holding back the other charges. No assertion is made of prosecutorial misconduct or bad faith.
*344 Thus in this case, I find that the defendant was fully aware of the nature and penal consequences of the offense to which he pled guilty and that no other charges were to be dismissed. I am further satisfied defendant knew that the charges to which he pleaded guilty had no relation to the May 1st shooting incident. Thus, defendant's plea was a knowing, voluntary and intelligent choice. Here defendant apparently seeks to withdraw his plea to the May 3rd offense so that he can dispose of all matters by a "package plea." Alternatively, he wants to be in a better tactical position in the event the open charges go to trial.
A motion to withdraw a guilty plea should not be granted merely to enable defendant to obtain a consolidated plea offer or to strike a better deal with the prosecutor. Nor should a validly entered plea be set aside just so that defendant can testify at a later trial. The fact that a plea of guilty may hinder a defendant's ability to testify at a subsequent trial is a collateral consequence of the plea that does not justify a plea withdrawal. Not advising a defendant as to this adverse effect does not constitute sufficient grounds to set aside an otherwise valid plea.
As to the effect a plea may have on a future sentence, the Court noted in Wright v. United States, that "a plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence" of the plea which does not warrant withdrawal. 624 F.2d 557, 561 (5th Cir.1980). And, the fact that prejudice to the State or waste of judicial resources has not been specifically shown in this case is not compelling. The totality of circumstances justifies sustaining the plea. Finally, as the Court noted in State v. Taylor, where there is no assertion of innocence or of prosecutorial neglect or misconduct "there should be an end to the matter". supra, 80 N.J. at 358, 403 A.2d 889.
Here the defendant fully and completely understood the nature and consequences of his guilty plea to possessing a *345 handgun in his vehicle on May 3, 1991. Accordingly, the interest of justice would not be served by a plea withdrawal. The motion to withdraw is denied.