**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3811-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

COLBY DESSOURCES,

     Defendant-Appellant.

_____

Submitted November 18, 2020 – Decided January 6, 2021

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-12-3564.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Colby Dessources appeals from the denial of his motion to withdraw his guilty plea. We affirm, substantially for the reasons set forth in Judge Ronald D. Wigler's cogent oral and written decisions on January 18, and March 4, 2019, respectively.

On the morning of October 21, 2017, defendant crossed a double-yellow line while driving on Frelinghuysen Avenue in Newark. He collided head-on with another vehicle, killing the driver. Defendant's blood alcohol level was above the legal limit, and the record reflects he was driving over ninety miles per hour immediately before the fatal crash.

Defendant was indicted on charges of second-degree death by auto, N.J.S.A. 2C:11-5(a) (count one); first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(l) (count two); and third-degree driving with a suspended or inoperable license while being involved in a motor vehicle accident, resulting in the death of another person, N.J.S.A. 2C:40-22 (count three).

On July 12, 2018, defendant agreed to plead guilty to count two of the indictment, in exchange for the State recommending he serve a ten-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and the dismissal of his remaining charges. When defendant filled out the requisite plea form with the benefit of counsel, he answered the citizenship question, i.e.,

Question 17a., by circling "yes," thus conveying he was a United States citizen. Based on this answer, he was not prompted to answer Questions 17b. through f., involving possible immigration consequences attendant to his plea.

During the plea hearing, Judge Wigler extensively questioned defendant about his plea form answers. The judge specifically asked defendant, while he was under oath, if he was "a U.S. citizen." Defendant answered, "Yes."

On defendant's scheduled sentencing date of October 4, 2018, his attorney announced that once she reviewed defendant's presentence report, she realized defendant was born in Haiti and was not a United States citizen. She further advised Judge Wigler that defendant "was under the impression he was a U.S. citizen." Accordingly, defense counsel asked for sentencing to be postponed, acknowledging that if sentencing proceeded, defendant "would likely be subject to removal proceedings following his sentence." Judge Wigler granted defendant's adjournment request.

Defendant filed a motion on November 23, 2018 to withdraw his plea agreement, alleging he did not understand the immigration consequences of his guilty plea. On January 18, 2019, Judge Wigler denied this motion without an evidentiary hearing, finding it would be "inappropriate to just allow" defendant to withdraw a plea entered "in good faith," as he knew "full well" when he pled

guilty that he was not a United States citizen. Following this decision, Judge Wigler sentenced defendant to a ten-year prison term, subject to NERA, and dismissed his remaining charges, consistent with the plea agreement.

On appeal, defendant raises the following argument for our consideration:

POINT I

DEFENDANT DID NOT ENTER THE GUILTY PLEA KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY BECAUSE HE WAS NOT MADE AWARE OF THE DEPORTATION CONSEQUENCES ATTENDANT TO THE CONVICTION.

We are not persuaded.

Preliminarily, we note that before a trial court can accept a defendant's guilty plea, "it first must be convinced that (1) the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly." State v. Lipa, 219 N.J. 323, 331 (2014) (citing R. 3:9-2); see also State v. Crawley, 149 N.J. 310, 318 (1997). Here, Judge Wigler found defendant did not contest the factual basis of his plea. Instead, defendant claimed his "plea was not made knowingly, intelligently, or voluntarily because [he] was not advised of the likely consequences of deportation as a result of his guilty plea." However, as the judge observed, "[t]he only reason [defendant] was not informed by the court or counsel about the possible immigration

consequences was because he misstated his immigration status. Unless defendant can show he truthfully was unaware of his immigration status, his actions do not entitle him to withdraw his guilty plea."

Defendant bears the burden to show why a plea should be withdrawn. State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974). As Judge Wigler recognized, a motion to withdraw a plea presentence should be liberally granted. State v. Deutsch, 34 N.J. 190, 198 (1961). However, the "withdrawal of a guilty plea is within the broad discretion of the trial court." State v. Bellamy, 178 N.J. 127, 135 (2003) (citations omitted).

Here, defendant did not provide any documentation to Judge Wigler to support his assertion that he was mistaken about his immigration status. However, the State presented exhibits to the court to show defendant was aware of his immigration status. For example, it provided the judge with a 2009 plea form, where defendant acknowledged he was not a United States citizen. Additionally, the State provided Judge Wigler with a 2010 presentence report which confirmed defendant was born in Haiti, that he notified his presentence investigator of his true immigration status, and he provided his permanent resident card to the investigator. Based on these proofs, Judge Wigler concluded that when defendant filled out the plea form in the instant matter, he "was aware

of his immigration status, and therefore was untruthful to the court and counsel. Defendant should not be rewarded for deceiving the court and counsel."

A trial judge's finding that a plea was voluntarily and knowingly entered into is entitled to deference so long as that determination is supported by sufficient credible evidence in the record. State v. McCoy, 222 N.J. Super. 626, 629 (App. Div. 1988) (citing State v. Johnson, 42 N.J. 146, 162 (1964)). Generally, once a guilty plea has been entered on a knowing and voluntary basis, it may be withdrawn only at the discretion of the trial court. State v. Simon, 161 N.J. 416, 444 (1999) (citations omitted). "Thus, the trial court's denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." Ibid. (citing State v. Smullen, 118 N.J. 408, 416 (1990)).

Rule 3:21-1 governs the withdrawal of guilty pleas. Before sentencing, the standard for plea withdrawal is "in the interests of justice." R. 3:9-3(e); State v. Howard, 110 N.J. 113, 123-24 (1988); State v. Slater, 198 N.J. 145, 156 (2009). When considering whether the interests of justice warrant a withdrawal, trial courts balance the four Slater factors, namely: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4)

6

whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58.

Under the first Slater factor, "[a] bare assertion of innocence is insufficient to justify withdrawal of a plea." Id. at 158. The defendant must put forth specific and credible facts and should be able to point to the record to support his assertion of a colorable claim of innocence. Ibid. (citations omitted). The court looks to the evidence available to both the defendant and the prosecutor at the time of the guilty plea. Ibid. (quoting Smullen, 118 N.J. at 418). It should not conduct a miniature trial at this point; instead, it "should simply consider whether a defendant's assertion of innocence is more than a blanket, bald statement and rests instead on particular, plausible facts." Id. at 159.

Here, Judge Wigler found defendant did not assert a colorable claim of innocence, but instead, claimed he was confused about his immigration status. The judge declined to find defendant was honestly mistaken about his immigration status, given the contents of defendant's 2009 plea form and his 2010 presentence report, as well as the fact defendant provided his permanent resident card to his presentence investigator in connection with his previous matter.

Regarding the second Slater factor, it is clear this factor "focuses on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." Ibid. The Slater court provided four scenarios meriting withdrawal of a guilty plea, specifically: (1) the court and prosecutor misinformed the defendant about a material element of the plea bargain on which the defendant relied when entering the plea; (2) the defendant was not informed about the material terms and consequences of his guilty plea; (3) the defendant's reasonable expectations under the plea deal were not met; and (4) the defendant had a valid defense against the charges which was forgotten or missed at the time of the plea. Id. at 159-60 (internal citations omitted).

Judge Wigler determined "[n]one of the four scenarios in which courts have found fair and just reasons for withdrawal is present here." Again, the judge found defendant "was, in fact, aware of his immigration status as far back as 2009."

As to the third Slater factor, Judge Wigler found defendant's plea "was entered into pursuant to a plea bargain." Citing Huntley, 129 N.J. Super. at 17, the judge aptly noted that a "defendant's burden of presenting a plausible basis for his request to withdraw his guilty plea is heavier" if the plea stems from a

plea bargain. Judge Wigler concluded the third <u>Slater</u> factor "does not carry enough weight to outweigh any of the other factors" but it did "count against defendant and vacating the plea." Based on this finding, and his overall analysis, the judge determined the State was not required to demonstrate prejudice under the fourth <u>Slater</u> factor and that defendant failed to meet his burden under <u>Slater</u>.

We agree with Judge Wigler's findings. Our conclusion is bolstered not only by the State's exhibits, but by defendant's plea testimony, where he affirmed he was twenty-nine years old, fluent in English, college educated, and that he was not under the influence of any substance which affected his ability to understand the plea proceedings. Moreover, defendant testified he was satisfied with the services of his attorney and had sufficient time to discuss his plea with her. Under these circumstances, we discern no abuse of discretion in the denial of defendant's presentence plea withdrawal motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3811-18T1