**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3721-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHELE A. SEEGARS,

    Defendant-Appellant.

_____

Submitted October 22, 2024 – Decided December 30, 2024

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 20-01-0015.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Michele Seegars, appeals from an order denying her motion for post-conviction relief (PCR) without an evidentiary hearing claiming ineffective assistance of counsel at a plea hearing resulting in her guilty plea to theft of services, N.J.S.A. 2C:20-8(a). We affirm based on the cogent reasons set forth in the oral decision of Judge Thomas A. Callahan, Jr.

I.

In July 2018, defendant was involved in a two-car motor vehicle accident in Kearny. After the accident, defendant filed a property damage claim against the other driver, who was insured by York Risk Services Group, Inc. York sent written acknowledgment of the claim by letter dated August 3, 2018 followed by correspondence dated November 9, 2018, denying responsibility for the accident on the part of its insured. Shortly before the accident occurred, defendant's automobile insurance coverage provided by Progressive Insurance Company had lapsed. On the day after the accident, defendant contacted Progressive seeking to renew her automobile insurance policy. Defendant falsely represented to Progressive that she had not been involved in any car accidents during the short period of time coverage had lapsed. Progressive's subsequent investigation determined defendant was involved in the subject accident during the lapse period and advised her by letter that her automobile

2

insurance would not be renewed. Progressive also referred the matter to the Essex County Prosecutor's Office for investigation for insurance fraud.

Defendant was later charged with third-degree insurance fraud in violation of N.J.S.A. 2C:21-4.6(a) arising from the alleged false information she provided to her auto insurance company. In January 2020, defendant pled guilty pursuant to a plea agreement to a lesser charge of theft of services, N.J.S.A. 2C:20-8(a), a disorderly persons offense. The State recommended a non-custodial sentence, a discretionary fine, along with other mandatory fees. During the plea hearing, defendant testified that she applied to renew her Progressive automobile insurance policy and did not disclose that her car had been damaged from an accident during the period her coverage had lapsed. The judge accepted the plea and imposed a sentence in line with the plea agreement. A one day jail credit was also granted, and no probation was imposed by the judge. At the time of sentencing, defendant was fifty-three years old and had no prior criminal record.

In April 2022, defendant filed a timely pro se PCR petition. In her affidavit filed in support of her petition, defendant asserted:

> I told [my trial attorney] that I wasn't guilty and offered to show her documentation that I had that showed that I submitted the claim with the insurance company of the truck I got into the accident with. She shushed me and did not allow me to show the evidence.

In further support of her PCR application, defendant presented: (1) the two letters she received from York; and (2) an affidavit certifying she informed her trial attorney of her innocence before the plea. In her affidavit, defendant claimed she never had the opportunity to present evidence of her innocence to her trial attorney for review and investigation prior to the plea hearing. She claimed her first meeting with assigned counsel was at her court date in January 2020. She claimed her defense attorney consulted with the prosecutor and presented her with an option to plead guilty to an amended disorderly persons offense for theft of services. She also stated she thought her guilty plea was for a "violation," not a crime. Defendant asserts her counsel failed to explain that her theft conviction would be revealed during employment background checks, which would adversely impact her ability to obtain employment in the banking and finance industries where she had worked for twenty years.

At oral argument before the PCR court, counsel reiterated defendant attempted to present evidence of her innocence to her plea attorney, but her counsel refused to look at it. Defendant's alleged exculpatory evidence consisted of the two letters from York. The letter from York dated August 8, 2018 confirmed receipt of defendant's claim against its insured. The second letter, dated November 9, 2018, denied defendant's claim stating, "based on the

evidence presented we are denying this claim . . . [and] closing our file." PCR counsel argued that defendant first contacted York to make a claim because the other driver had caused the accident. Because York was handling the accident claim on behalf of the other driver, defendant asserts she did not believe she had to inform Progressive about the accident in her renewal application.

The State opposed the petition arguing the documents submitted by the defendant were not "exculpatory." In addition, the State asserted that defendant's affidavit was in "stark contrast" to her testimony at the plea hearing. The State also asserted defendant received the benefit of a pre-indictment plea agreement and avoided a felony conviction. Lastly, the State contended that defendant's inability to obtain employment in the banking industry was a collateral consequence and she was aware that her plea was to a criminal offense, not just a regulatory violation.

After oral argument, Judge Callahan set forth his reasons on the record denying defendant's PCR petition. First, with respect to defendant's claim that her trial counsel did not adequately consider the documentation from York, he found the letters were not exculpatory evidence. In addition, the judge found counsel's failure to consider this evidence was not a mistake. Further, the judge found it would not have impacted the likelihood of success at trial, making it

less likely she would have entered a guilty plea. The judge also ruled plea counsel's failure to explain to defendant that she would be pleading guilty to a crime that would be disclosed on a background check was not ineffective assistance of counsel. Lastly, he concluded that defendant failed to present a prima facie case which would require an evidentiary hearing because she failed to raise any genuine issues of fact not already in the record.

## II.

Established legal principles guide our review. Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if they establish a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b).

However, a defendant is not entitled to an evidentiary hearing if the "allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing." State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850 (1997). Rather, defendant must allege specific facts and evidence supporting his

6

allegations.

To establish an ineffective assistance of counsel claim, a defendant must demonstrate:

> (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey). "That is, the defendant must establish, first, that 'counsel's representation fell below an objective standard of reasonableness' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688, 694).
>
> [State v. Vanness, 474 N.J. Super. 609, 623-24 (App. Div. 2023).]

After our de novo review of the record, we concur with Judge Callahan's finding that defendant's claim of innocence was not based on exculpatory evidence. The letters she presented did not tend to prove her innocence and showed only she filed a claim concerning the accident to the other driver's insurance company which denied her claim determining defendant was comparatively more at fault for the accident than its insured. No credible evidence exists supporting her position that the fault of the other driver excused her from disclosing the accident in response to the direct question from

Progressive asking whether she was in any prior accidents before the date she applied for the policy renewal. We determine no rational nexus exists between the fault for the accident and defendant's duty to accurately disclose the accident to her insurer. Defendant's assertion that a deficient performance by her plea counsel prejudiced her defense based on this argument is unsupported and fails to meet either prong of the Strickland/Fritz test. We conclude plea counsel's failure to present the irrelevant information in the letters did not make her performance deficient, nor did her failure to present this evidence prejudice defendant's defense.

We conclude, as did the judge, that counsel's failure to consider this evidence was a not a mistake that would have impacted the likelihood of success at trial and did not make it less likely that defendant would have entered the guilty plea. Defendant failed to establish that a proper investigation by her counsel concerning the letters from York would have yielded evidence establishing her asserted defense that she did not have the requisite "intent" to defraud. We agree the letters provided no information or evidence relevant to the reasons defendant believed her claim against the other driver provided a defense to the crime charged. We find no error in the judge's determination concerning this point of defendant's appeal.

Defendant also raises the argument her plea counsel failed to advise her of the negative consequences her guilty plea would hold concerning her future employment which requires a hearing on remand.

> [p]lea counsel's performance will not be deemed deficient if counsel has provided the defendant "correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012) (citing State v. Nunez-Valdez, 200 N.J. 129, 138 (2009)). Stated another way, counsel must not "'provide misleading, material information that results in an uninformed plea.'" [State v. Gaitan, 209 N.J. 339, 353 (2012)] (quoting Nuñez-Valdez, 200 N.J. at 140).
>
> [Vanness, 474 N.J. Super. at 624.]

Here, no evidence was presented by defendant that plea counsel affirmatively advised her that the guilty plea would have no effect concerning her future employment prospects, clearly placing defendant's argument outside the scope of Agathis and Nunez-Valdez, both which concerned uninformed pleas due to incorrect affirmative representations made by counsel that were relied upon by those defendants. We also find no error in the judge finding support in Heitzman because, in this instance, defendant does not claim her counsel failed to advise her of the penal consequences of her plea and only faults counsel for not informing her of the potential negative collateral consequences which could result to her future employment because of the plea. A "defendant need be

9

informed only of the penal consequences of [a] plea and not the collateral consequences." See State v. Heitzman, 107 N.J. 603, 604 (1987).  A defendant is not entitled to withdraw a plea of guilty because he was not informed that a collateral consequence of the conviction is loss of public office.  State v. Medina, 349 N.J. 108, 122 (App. Div. 2002) citing State v. Riggins, 191 N.J. Super. 352 (Law Div. 1983).

We further conclude defendant has not shown a reasonable probability that she would not have pled guilty had her counsel affirmatively informed her of the potential negative employment consequences that a conviction for the lesser offense would entail.  A review of the evidence considered by the judge as part of the PCR application reveals the evidence against her was strong and the likelihood that defendant would have been convicted on the original third-degree insurance fraud charge.

Finally, because no evidence outside of the plea record presented factual issues relevant to the court's determination, we conclude the judge did not abuse his discretion by failing to hold an evidentiary hearing.  In Porter, our Supreme Court explained a "judge deciding a PCR claim should conduct an evidentiary hearing when there are disputed issues of material facts related to the defendant's entitlement to PCR, particularly when the dispute regards events and

10

conversations that occur off the record or outside the presence of the judge." 216 N.J. at 354. Here, defendant's application failed to present credibility issues or other disputed factual issues concerning her communications with her counsel or other reasons which were relevant to her substantive claim of ineffective assistance of counsel. Therefore, defendant failed to satisfy her burden to present a prima facie case requiring a hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION