**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2078-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NOAH HILL, a/k/a
NOAH A. HILL, and
NOAH ANDERSON,

     Defendant-Appellant.

_____

        Submitted October 21, 2025 – Decided December 1, 2025

        Before Judges Gilson and Vinci.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 21-08-0692.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

        Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Josemiguel Rodriguez,

Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Noah Hill appeals from a February 5, 2024 order denying his motion to withdraw his guilty plea to third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). Because defendant failed to show that there was any manifest injustice, and because we discern no abuse of discretion in the trial court's determination that defendant failed to prove he was entitled to relief under a balancing of the Slater[1] factors, we affirm.

## I.

In September 2019, defendant was stopped, frisked, and found to be in possession of a handgun. In 2020, he was indicted for second-degree possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1), and fourth-degree possession of a large capacity magazine, N.J.S.A. 2C:39-3(j). Defendant was then apparently released pending trial. He moved to suppress the seizure of the gun and the ammunition, but the trial court denied that motion.

In March 2021, defendant was found to be in possession of cocaine. Later that same year, defendant was indicted for five drug-related offenses, including

---

[1] State v. Slater, 198 N.J. 145, 157-58 (2009).

third-degree possession of cocaine, a controlled dangerous substance (CDS). Defendant did not move to suppress the seizure of the cocaine.

In December 2021, defendant pled guilty to second-degree possession of a handgun under the 2020 indictment and third-degree possession of CDS under the 2021 indictment. The pleas were negotiated at the same time and defendant and the State entered into a plea agreement, which was memorialized in one plea form. Under the plea agreement, the charges were identified separately and the State agreed to recommend that defendant be sentenced to probation on both charges, subject to the condition that he serve 364 days in jail. Concerning the weapons offense, the State also agreed to seek a waiver of the mandatory term called for under the Graves Act. N.J.S.A. 2C:43-6(c). Thereafter, defendant was sentenced in accordance with his plea agreement.

Following his sentences, defendant appealed the order denying his motion to suppress the seizure of the handgun. In 2023, we reversed, concluding that the stop that led to defendant's frisk and seizure of the handgun was illegal. State v. Hill, No. A-2119-21 (App. Div. July 19, 2023). Subsequently, the State dismissed the handgun charge.

Defendant then moved to withdraw his guilty plea to the CDS possession offense. He argued that he had entered a global plea and that the reversal of the

charge for the weapons offense should allow him to withdraw his CDS possession plea. The judge who heard that motion was the same judge who had taken defendant's pleas and imposed the sentences. On February 5, 2024, the judge entered an order and issued a written opinion denying defendant's motion to withdraw his plea.

The motion judge analyzed defendant's request under the four <u>Slater</u> factors because defendant was seeking to withdraw his plea after he had been sentenced. The judge found that (1) defendant had failed to establish a colorable claim of innocence; (2) he did not have good reasons for withdrawing his plea; (3) the existence of the plea bargain supported denying his motion; and (4) withdrawing the plea at this time would prejudice the State. Accordingly, the judge determined that defendant had not met his burden to withdraw his plea to the CDS conviction.

Defendant appealed. Initially, we considered the appeal on our sentence-only calendar but then transferred the matter to a plenary calendar.

## II.

On appeal, defendant makes one argument, which he articulates as follows:

> DEFENDANT'S MOTION TO WITHDRAW HIS CONTROLLED DANGEROUS SUBSTANCE

GUILTY PLEA SHOULD HAVE BEEN GRANTED AFTER THE FIREARM CHARGE[] W[AS] DISMISSED FOLLOWING A SUCCESSFUL APPEAL OF THE SUPPRESSION MOTION IN ORDER TO AVOID THE MANIFEST INJUSTICE THAT DEFENDANT BE REQUIRED TO MAINTAIN A GUILTY PLEA THAT WAS CONTINGENT ON AND BENEFICIAL ONLY IN CONNECTION WITH HIS FIREARM GUILTY PLEA.

"A motion to withdraw a plea of guilty . . . shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." R. 3:21-1. "[A] plea may only be set aside in the exercise of the court's discretion." Slater, 198 N.J. at 156 (citing State v. Simon, 161 N.J. 416, 444 (1999)). "[T]he burden rests on defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits, so the trial judge is able to determine whether fundamental fairness requires a granting of the motion." State v. Smullen, 118 N.J. 408, 416 (1990) (quoting State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974)).

Appellate courts review the grant or denial of a motion to withdraw a guilty plea for an abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015) (citing State v. Lipa, 219 N.J. 323, 332 (2014)). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably depart[s] from established

5

policies, or rest[s] on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A.    Manifest Injustice.

Defendant focuses his arguments on a claim of manifest injustice. He argues that it would be manifestly unjust not to allow him to withdraw his guilty plea to the CDS conviction because he pled guilty to that offense at the same time that he pled guilty to the weapons conviction. He then reasons that because his weapons conviction was subsequently reversed on appeal, it would be unjust and unfair not to allow him to withdraw his guilty plea. We reject that argument because it is not supported by the plea agreement or the law.

The plea agreement that defendant entered did not give him the right to withdraw his CDS guilty plea if his unlawful possession of a handgun was reversed on appeal. In listing the charges to which defendant was pleading, the weapons offense and the CDS offense were listed separately and were distinctly identified as separate charges under separate indictments. Defendant reserved his right to appeal the denial of his motion to suppress the seizure of the handgun. He did not, however, reserve the right to withdraw his guilty plea to

the CDS offense if the weapons offense was reversed on appeal. Indeed, defendant had not made any motion to suppress the seizure of the CDS.

Accordingly, there is nothing in the plea agreement that stated, or suggested, defendant would have the right to withdraw his guilty plea regarding the CDS offense based on the reversal of the motion order concerning the separate weapon possession offense. See State v. Davila, 443 N.J. Super. 577, 586 (App. Div. 2016) (noting that reserving the right to appeal under Rule 3:9-3(f) requires a defendant to place on the record the "speci[fic] pretrial motion" that he or she intends to appeal). In short, defendant got what he bargained for in the plea agreement, and he can make no claim of a violation of the plea agreement or a violation of Rule 3:9-3(f).

B.    The Slater Factors.

Courts evaluate four factors in assessing whether a defendant has demonstrated a valid basis for withdrawing a guilty plea. Slater, 198 N.J. at 157-58. Those factors are: (1) whether defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether the withdrawal would result in unfair prejudice to the State or unfair advantage to the defendant. Ibid. The motion judge reviewed each of these factors and found that defendant had not

established any of the factors warranting the right to withdraw his guilty plea. We discern no abuse of discretion in those determinations.

Under the first factor, defendant must show a colorable claim of innocence by pointing to "particular" and "plausible" facts. Slater, 198 N.J. at 159. Consequently, a defendant cannot make a "bare assertion of innocence," and instead must identify evidence that was available at the time that he pled guilty to demonstrate he has a colorable claim of innocence. Id. at 158-59.

Defendant argues that he had a valid motion to suppress the seizure of the cocaine, and he would have pursued that motion had he not accepted the plea on the weapon offense. The obvious problem with that argument is that defendant did not make the motion to suppress the seizure of the cocaine. Just as importantly, he has not demonstrated that he has any valid basis for claiming that the cocaine was seized illegally and that he was innocent.

Defendant also argues that he was not required to assert his innocence to withdraw his guilty plea citing State v. Parsons, 341 N.J. Super. 448, 456 (App. Div. 2001). In Parsons, this court held that the defendant should have been permitted to withdraw a guilty plea because the State had failed to produce exculpatory evidence in violation of the rule laid down in Brady.[2] Parsons, 341

---

[2] Brady v. Maryland, 373 U.S. 83, 87 (1963).

A-2078-23

N.J. Super. at 459. Accordingly, <u>Parsons</u> is not applicable to defendant's situation and does not support his argument.

Defendant also failed to satisfy the second <u>Slater</u> factor, which is "the nature and strength of defendant's reasons for withdrawal." <u>Slater</u>, 198 N.J. at 159. Defendant argues that he had a compelling reason for wanting to withdraw his guilty plea because he surrendered the opportunity to make a motion to suppress the seizure of the cocaine. He then asserts that had the gun offense not existed, he would not have pled guilty to the possession of CDS. The motion judge rejected that argument pointing out that defendant resolved both offenses together, which avoided multiple sentences on different days and therefore led to more favorable concurrent sentences. We discern no abuse of discretion in the motion judge's reasoning.

There is no dispute that a plea agreement existed in this matter. As already analyzed, the agreement treated the two charges as separate and distinct. So, the agreement gives no support to defendant's request to withdraw his guilty plea to the CDS possession offense.

Finally, we agree with and discern no abuse of discretion of the trial court's finding that allowing the defendant to withdraw his guilty plea at this time would be prejudicial to the State and would give him an unfair advantage.

A-2078-23

The trial court determined that given the passage of time, the State would have a more difficult job in proving defendant's guilt several years after his 2021 arrest for possession of cocaine.

After analyzing each of the four <u>Slater</u> factors, the motion judge determined that none of those factors supported allowing defendant to withdraw his guilty plea. We discern no abuse of discretion in those determinations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division