**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3469-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RUSLAN JAVAKHISHVILI,

    Defendant-Appellant.

_____

Submitted February 3, 2026 – Decided March 23, 2026

Before Judges Gilson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-01-0002.

Ronald P. Mondello, attorney for appellant.

Linda Estremera, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ruslan Javakhishvili appeals from a May 30, 2025 order denying his petition for post-conviction relief (PCR) and motion to withdraw his 2008 guilty plea. His petition is time-barred and his motion lacks merit. Accordingly, we affirm.

I.

Defendant was born in the Republic of Georgia and illegally entered the United States in 2001. On June 10, 2007, defendant drank beer, became impaired, drove his car, and his car struck another vehicle causing injuries to a person in the other vehicle. Defendant left the scene of the collision but was stopped by a police officer shortly thereafter. When the officer arrested defendant, defendant cursed and threatened the officer and his family.

A grand jury indicted defendant for three crimes: fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2) (count one); fourth-degree obstructing the administration of law, N.J.S.A. 2C:29-1 (count two); and third-degree terroristic threats, N.J.S.A. 2C:12-3(a) (count three).

In February 2008, defendant pled guilty to assault by auto and petty disorderly persons harassment, N.J.S.A. 2C:33-4, as an amendment to count three. Defendant also pled guilty to driving while intoxicated, N.J.S.A. 39:4-50.

2

Before pleading guilty, defendant reviewed a plea form with his attorney. Question seventeen on that form asked: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" Defendant circled, "Yes."

Defendant was then placed under oath and questioned. The judge confirmed that defendant had reviewed the plea form with his attorney, understood the form, his counsel had answered all his questions, and he was satisfied with his counsel's representation. The following exchange also took place:

THE COURT: Are you a citizen? U.S. citizen?

DEFENDANT: No.

THE COURT: This could affect your status here in the country. Do you understand?

DEFENDANT: Yes.

THE COURT: [I d]on't know, but you need to be aware that you could get deported on account of this.

DEFENDANT: I will - - I will thank you for that.

THE COURT: Okay. As long as you're aware of that potential.

A-3469-24

Defendant then admitted that he had driven his vehicle while impaired by alcohol and struck another car injuring a person in that car. Defendant also admitted to cursing and threatening the officer who arrested him.

On July 18, 2008, defendant was sentenced to four years of probation subject to certain conditions, including spending 364 days in jail. He did not file a direct appeal.

In December 2008, defendant was detained by officers of the Immigration and Customs Enforcement Agency (ICE) and scheduled for a hearing to determine whether he would be removed from the United States. Instead of proceeding with the hearing, defendant agreed to leave the United States and he returned to Georgia.

In 2011, defendant illegally returned to the United States. Six years later, in 2017, defendant was arrested by ICE and again placed in removal proceedings. He retained an immigration attorney. Thereafter, defendant was released by ICE on a $10,000 bond. His immigration hearing was repeatedly postponed.

In May 2024, defendant consulted with another immigration attorney who recommended that defendant petition for PCR from his 2008 guilty plea to assault by auto. Thus, in July 2024, defendant filed a PCR petition and a motion

4

to withdraw his guilty plea to assault by auto.[1]  Defendant argued that under federal immigration law, assault by auto is considered a crime of moral turpitude and, therefore, defendant is subject to mandatory removal because of that conviction.  So, defendant sought to withdraw his guilty plea to assault by auto.

In May 2025, the PCR court heard argument on defendant's petition and motion.  That same month, on May 30, 2025, the PCR court issued a thoughtful written opinion and order denying defendant's petition and motion.  The PCR court found that defendant's petition was time-barred.  In that regard, the court determined that defendant had shown no excusable neglect for the approximately sixteen-year delay in seeking PCR.  The court also determined that defendant had failed to show that there was a reasonable probability that enforcement of the time-bar would result in a fundamental injustice.

The PCR court also evaluated the merits of defendant's contention.  The court determined that defendant had failed to establish a prima facie showing of ineffective assistance of counsel.  The PCR court rejected defendant's contention that his trial counsel had been ineffective in not seeking to have him placed in the pretrial intervention program.  Moreover, the PCR court rejected defendant's arguments that trial counsel had misadvised him concerning the immigration

---

[1] The petition is dated June 21, 2024, but was not filed until July 15, 2024.

A-3469-24

consequences of his plea. The court also found that defendant had not shown that even if his counsel had told him that he would be deported, defendant would have rejected his plea deal and gone to trial.

Turning to defendant's contention to withdraw his guilty plea, the PCR court reasoned that defendant had shown no manifest injustice and had failed to establish that the factors under State v. Slater, 198 N.J. 145, 157-58 (2009), would support withdrawing the guilty plea. Accordingly, the court entered an order denying defendant's petition and his motion.

II.

On appeal, defendant makes four arguments, which he articulates as follows:

> POINT I – THE PETITION IS NOT TIME BARRED.
>
> A.  Defendant Has Established Excusable Neglect.
>
> B.  The Petition was filed within one year of discovering the factual predicate for the relief sought.
>
> C.  Enforcement of the Time Bar Would Result in a Fundamental Injustice.
>
> POINT II – THE DEFENDANT WAS DENIED HIS UNITED STATES CONSTITUTIONAL RIGHT AND NEW JERSEY STATE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO DUE PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED

6

STATES CONSTITUTION AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY STATE CONSTITUTION DUE TO COUNSELS' (1) MISADVICE AS TO THE IMMIGRATION CONSEQUENCES OF HIS CHARGES NAMELY THAT HE WOULD NOT BE DEPORTED; AND (2) FAILURE TO PROVIDE EFFECTIVE PLEA BARGAINING; A PRESUMPTION OF PREJUDICE EXISTS OR, AT THE VERY LEAST, A REASONABLE PROBABILITY EXISTS THAT BUT FOR THE ERRORS THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT; THE DEFENDANT'S CONVICTION SHOULD BE VACATED.

POINT III – PLEA COUNSELS' MISADVICE TO DEFENDANT CONCERNING THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA RENDERED DEFENDANT'S PLEA INVOLUNTARY AND UNKNOWING UNDER [RULE] 3:9-2 AND, THEREFORE, DEFENDANT SHOULD BE PERMITTED TO WITHDRAW HIS GUILTY PLEA.

POINT IV – PURSUANT TO [STATE V. SLATER], 198 N.J. 145 (2009), DEFENDANT MEETS THE "MANIFEST INJUSTICE" FOUR FACTOR BALANCING TEST IN ORDER TO WITHDRAW GUILTY PLEA.

Where, as here, the PCR court did not conduct an evidentiary hearing, we review the PCR petition de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). The

7

decision to proceed without an evidentiary hearing is reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

A.    The Petition is Time-Barred.

A PCR petition must be filed no later than five years after the date of the entry of a judgment of conviction. R. 3:22-12(a)(1). To file beyond the five-year limitation period, a defendant must show that the delay "was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A). A petition can also be filed beyond five years, if the petition alleges a claim for relief under a newly recognized constitutional right or based on newly discovered facts and the petition is brought within one year of the announcement of the new right or the discovery of the new facts. R. 3:22-12(a)(1)(B).

The New Jersey Supreme Court has explained that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that when the first PCR petition is filed more

than five years after the date of entry of the judgment of conviction, the PCR court must examine the timeliness of the petition and defendant must submit competent evidence to satisfy the standard for relaxing the time restriction. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

Having conducted a de novo review of the record, we determine that defendant has demonstrated no excusable neglect. Defendant was expressly told he could be removed as a result of pleading guilty to assault by auto. Defendant testified under oath that he understood that consequence and he decided to plead guilty anyway. Shortly thereafter, defendant was detained by ICE in 2008. He then left the United States, returned in 2011, and again was detained by ICE in 2017. Despite retaining an immigration attorney in 2017, defendant waited another seven years before filing a PCR petition in 2024.

Defendant contends that he only discovered the immigration consequences of his plea when he consulted with a second immigration lawyer in May 2024. So, defendant argues he is entitled to relief under Rule 3:22-12(a)(1)(B). The record does not support that argument.

Defendant knew the immigration consequences of his plea in 2008. That a lawyer told him in 2024 that his plea was to a crime considered to be a crime of moral turpitude does not establish excusable neglect.

A-3469-24

B.    Defendant's PCR Petition Lacks Substantive Merit.

Even if we were to consider the substance of defendant's petition, it lacks merit.  To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 52 (1987).

Defendant argues that his trial counsel misadvised him as to the immigration consequences of his plea.  We reject that argument for two reasons.

First, and foremost, defendant acknowledged that he went over the plea form with his counsel and that form expressly told him that if he pled guilty, he could be removed from the United States.  The judge who then took the plea reviewed the consequences with him and defendant again confirmed his understanding that the charges subjected him to removal. In short, defendant was informed multiple times his plea to the charges would most likely result in his deportation.  Thus, the record establishes that there was no misadvise and defendant was informed concerning the consequences of the plea.

10

Defendant now seeks to argue that the colloquy with the court cannot control because a judge should not give a defendant legal advice. That argument misses the point. Defendant's colloquy with the court confirmed what the plea form, which defendant reviewed with his lawyer, told him; that is, he would be deported. Moreover, the colloquy between the judge and defendant took place in the presence of defense counsel.

Defendant also seeks to rely on a line of cases that came down after he pled guilty. See Padilla v. Kentucky, 559 U.S. 356 (2010); State v. Chau, 473 N.J. Super. 430 (App. Div. 2022). Those cases do not apply to defendant because he was given advice on the immigration consequences of his plea, and the advice was not incorrect. See Padilla, 559 U.S. at 366-67, 372 (holding that after 2010, counsel must explain the immigration consequences of a plea to a criminal defendant); Chau, 473 N.J. Super. at 441-42, 446 (holding a defendant provided sufficient evidence to establish a prima facie ineffective assistance claim when counsel gave the defendant the "wrong[]" advice that he could end the threat of deportation through naturalization proceedings).

Second, defendant also argues his first immigration attorney should have informed him in 2017 that assault by auto was a crime involving moral turpitude. Advice given to defendant by an attorney that was not involved in his 2008 plea,

11

however, cannot be a claim of ineffective assistance of counsel related to his guilty plea.

Defendant has also made no showing that even if his plea counsel told him the assault by auto plea was a mandatory deportable crime, he would not have entered his guilty plea. Defendant is not claiming he is innocent of assault by auto. Instead, he is seeking to withdraw that plea and plead to another charge. The State has not agreed to allow defendant to plead to another charge. Therefore, defendant has not shown any prejudice.

C. The Plea Was Sufficient.

Defendant also asserts that his plea was not knowingly given because of the misadvice of the immigration consequences. As this is just another version of his misadvice argument, and because the record establishes that defendant was given the correct advice, we reject this argument. Moreover, the plea transcript demonstrates that defendant gave a knowing, intelligent, and voluntary plea. See R. 3:9-2 (setting forth the basis for taking a guilty plea); State v. Lipa, 219 N.J. 323, 332 (2014) (explaining that "[o]nce it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court").

D. The Motion to Withdraw His Guilty Plea.

"A motion to withdraw a plea of guilty . . . shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." R. 3:21-1. "[T]he burden rests on defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits, so the trial judge is able to determine whether fundamental fairness requires a granting of the motion." State v. Smullen, 118 N.J. 408, 416 (1990) (quoting State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974)). "[A] plea may only be set aside in the exercise of the court's discretion." Slater, 198 N.J. at 156 (citing State v. Simon, 161 N.J. 416, 444 (1999)).

Courts evaluate four factors in assessing whether a defendant has demonstrated a valid basis for withdrawing a guilty plea. Slater, 198 N.J. at 157-58. Those factors are: "(1) whether defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether the withdrawal would result in unfair prejudice to the State or unfair advantage to the [defendant]." Ibid.

Appellate courts review the grant or denial of a motion to withdraw a guilty plea for an abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015)

A-3469-24

(citing Lipa, 219 N.J. at 332). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

The PCR court reviewed each of the Slater factors and found that defendant had not established any factor warranting the right to withdraw his guilty plea. In particular, the court pointed out that defendant was not claiming he was innocent of assault by auto. Instead, defendant wanted to renegotiate his plea agreement. The court then correctly pointed out that the State was not willing to renegotiate the plea. We discern no abuse of discretion in those determinations.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hasley

Clerk of the Appellate Division

14

A-3469-24